■ SHERRI JOFFE, Respondent, v. MARTIN PLOTKIN et al., Defendants, and CONSOLIDATED EDISON CO. OF NEW YORK, INC., Appellant.— In a negligence action to recover damages for personal injuries, defendant Consolidated Edison Company of New York, Inc., appeals from an order of the Supreme Court, Kings County, entered May 14, 1965, which, on plaintiff's motion, (1) removed the action from the Civil Court of the City of New York, Kings County, to the Supreme Court, Kings County, (2) increased the ad damnum clause and (3) permitted plaintiff to serve an amended bill of particulars. Order reversed, without costs, and motion denied. The granting of the motion was an improvident exercise of discretion. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.

■ ELIZABETH B. JOHN, Respondent, v. WILLIAM E. JOHN, JR., Appellant. — In an action for separation, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, entered November 23, 1965, as (1) granted plaintiff's motion for temporary alimony and counsel fees, (2) denied defendant's cross motion to dismiss the complaint for insufficiency and (3) directed defendant to pay plaintiff (a) for support of herself and their child $175 per week, to be computed from February 14, 1964, with credit for amounts paid for the child since that date and (b) $5,000 for her counsel fees. Order modified as follows: (1) by amending the first ordering paragraph so as to provide that the granting of the motion is limited to the extent thereafter specified in the order, as modified herein; (2) in the second ordering paragraph, (a) by changing the date from whence the direction for support shall apply, from February 14, 1964 to November 23, 1965, with similar change of date as to credits for amounts paid and (b) by providing that the issues as to support payments during the period from February 14, 1964 and November 23, 1965 are referred to the trial court; and (3) in the third ordering paragraph, by reducing the counsel fee from $5,000 to $750, with appropriate reduction of the installments thereof to $375 each (the fourth ordering paragraph has granted plaintiff leave to apply for additional counsel fee; such application may be made to the trial court). As so modified, order affirmed insofar as appealed from, without costs. The record before us does not justify an award for support for the period prior to the entry of the order; and the award of $5,000 for counsel fees in our opinion constituted an improvident exercise of discretion. However, our award, based as it is on affidavits, is not intended to govern or to influence the Trial Justice in exercising his discretion with respect to alimony or any application which may be made for the allowance of an additional counsel fee. The Trial Justice's determination should rest exclusively upon the proof adduced at the trial. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.